## CHEEVERS *vs.* BURKE'S ADMINISTRATRIX.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. MARTIN.

After a judgment by default, and answer to the merits, an exception denying the defendant's capacity to be sued as administratrix, is not admissible.

Where a case comes up on a judgment of non-suit in which there was no trial on the merits, or bill of exception taken, this court cannot go into the merits.

WESTERN DIS.
*September,*1841.

CHEEVERS
*vs.*
BURKE'S ADMI-
NISTRATRIX,

19L 429;
46 634;

This is an action on an account against the administratrix of Wm. Burke, deceased, for lumber and materials furnished for repairs and improvements of the dwelling house and kitchen of the deceased, amounting to $377 78, according to a detail-ed account annexed to the petition.

The defendant pleaded the general issue; and also averred that certain admissions of the correctness of said account, made by her in writing at the foot of it, were made in error and are not binding on the estate, the claim being unliqui-dated. She puts the plaintiff on strict proof, and prays that the demand be rejected. She then filed an exception for the dismissal of the suit, on the ground, that she was the widow of the deceased, and natural tutrix of the children, but had never been appointed administratrix.

There was judgment of non-suit, and the plaintiff appealed.

*Magill & Morse,* for the plaintiff.

*Voorhies,* contra.

*Garland, J.* delivered the opinion of the court.

Petitioner alleges that the estate of William Burke, de-ceased, is indebted to him the sum of $377 78, for lumber furnished the said William Burke, from the 15th of June, 1839, up to December the 18th, of the same year, to be used in the "repairs and improvement of a two story house and kitchen of said Burke, together with lumber for the house in which his widow Eleanor Lee now resides." He alleges he has a privilege on the said buildings as having furnished materials for their repair and improvement. He alleges "Eleanor Lee

WESTERN DIS. has been legally appointed administratrix of the succession,"
September,1841. and refuses to pay the aforesaid sum.   He therefore prays that
CHEEVERS      *Eleanor Lee* be cited, and he have judgment against the suc-
vs.
BURKE'S ADMI- cession for the amount of his claim and costs.   With his
NISTATRIX,     petition the plaintiff files a detailed account against the estate
of William Burke, at the foot of which, "Eleanor Lee, widow
and administratrix of the late William Burke," admits in writ-
ing, that the lumber was furnished and employed for the
purpose alleged, and that the sum claimed is due.   On the
11th of August, 1840, a judgment by default was taken, and
on the 22d of February, 1841, the defendant filed an answer
to the merits.   On the same day, "the defendant amending
her original answer," says, she is the widow and surviving
partner of William Burke, deceased, and natural tutrix of her
minor children issue of said marriage, but she has never been
legally appointed administratrix of Burke's succession, that
she has applied for said appointment, but has never legally
qualified as such, she therefore asks this suit to be dismissed.
Whereupon the judge says, "the plaintiff cannot maintain this
action in law," and enters a judgment of non-suit.

After a judg-        In this judgment the judge erred,   The defendant, *after a*
ment by default,
and answer to judgment by default, and an answer to the merits, had no
the merits, an
exception de- right to file any such exception.   The 23d section of the act
nying the de-
fendant's capa- to amend the Code of Practice, approved March 20, 1839,
city to be sued
as administra- says, "hereafter no dilatory exceptions shall be allowed in any
trix, is not ad-
missible. case, after a judgment by default has been taken, and in every
case must be pleaded in *limine litis;* nor shall such exceptions
hereafter be admitted in an answer in any cause."

The defendant does not except to the jurisdiction of the
Where a case court, but merely wishes the plaintiff to prove her representa-
comes up on a
judgment   of tive capacity.   This she cannot do, as by her answer to the
non-suit,   in merits she has admitted the capacity in which she was
which   there
was no trial on charged, and the law absolutely forbids the filing of any such
the merits, or
bill of excep- exception after a default or plea to the merits.
tion taken, this
court cannot go        In the points filed, the parties seem to wish us to go into the
into the merits. merits of the case, they do not appear to have been examined

in the court below; there is therefore nothing for us to review, no evidence having come up with the record.

The judgment of the Probate Court is therefore annulled, avoided and reversed, and it is further ordered that this cause be remanded to the Probate Court of the parish of St. Martin, to be proceeded in according to law, the defendant and appellee paying the costs of this appeal.